Seth W. Wiener (State Bar No. 203747)
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com

Attorneys for Plaintiffs
CINEDRONES, LLC; UNMANNED ENTERTAINMENT, LLC;
MICHAEL FORTIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| CINEDRONES, LLC; UNMANNED ENTERTAINMENT, LLC; MICHAEL FORTIN, | Case No.: 2:18-cv-00665 |
|---|---|
| Plaintiffs, | **COMPLAINT** |
| v. | |
| JOSEPH SALVATORE MICALIZZI; and DOES 1 to 10, | |
| Defendants. | |

## INTRODUCTION

1.     This case arises out of Defendant Joseph Salvatore Micalizzi's ("Micalizzi") malicious effort to harm Plaintiffs CineDrones, LLC, Unmanned Entertainment, LLC and Michael Fortin (collectively "Plaintiffs"), by improperly registering a domain name, www.cinedronesmikefortin.com, which uses Plaintiffs' trademark, CineDrones, and Mike Fortin's personal name.  By this action, Plaintiffs seek appropriate monetary damages against Micalizzi, and an order directing him to forfeit or cancel or transfer the www.cinedronesmikefortin.com domain name and any rights to the CineDrones trademark to Plaintiffs.

-1-

Complaint

## PARTIES

2. Plaintiff CineDrones, LLC is a limited liability company organized under the laws of the State of Florida with its principal place of business in Gardena, Florida.

3. Plaintiff Unmanned Entertainment, LLC is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

4. Plaintiff Michael Fortin ("Fortin") is an individual resident in the County of Los Angeles, California. Fortin is the Managing Member of CineDrones, LLC and Unmanned Entertainment, LLC.

5. Plaintiffs allege on information and belief that Defendant Joseph Salvatore Micalizzi ("Micalizzi") is an individual resident in the County of Los Angeles, California, at 14856 E. Fernview Street, Whittier, California 90604.

6. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does 1 to 10, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

7. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## JURISDICTION

8. The Court has subject matter jurisdiction over this pursuant to 28 U.S.C. § 1331 and 1338, because the case involves a federal question arising under the trademark laws of the United States. Supplemental jurisdiction over state laws claims is proper pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal question claims that they form part of the same case and controversy.

## VENUE

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because certain

Complaint

of the Defendants reside or have their principal place of business in this District and also under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

10. Plaintiffs are the owners of the trademark, CineDrones, which they have used continuously in commence since January 1, 2013, in connection with their business of using drones in the nature of aerial photography and filming for use in film, television, real estate, agricultural, law enforcement, and other aerial uses.

11. Plaintiffs allege on information and belief that Micalizzi works in the film production business and competes with Plaintiffs.

12. On September 12, 2016, Micalizzi filed an application with the United States Patent and Trademark Officer to register the trademark CineDrones for use in connection with "Aerial cinematography services; Aerial photography."  Micalizzi's trademark registration application did not identify any use by Micalizzi of the CineDrones trademark in commerce.

13. Plaintiffs allege on information and belief that on May 11, 2017, Micalizzi registered the domain name www.cinedronesmikefortin.com. Micalizzi registered the domain name anonymously in an effort to mask his identity.

14. Plaintiffs allege on information and belief that Micalizzi has operated a website at www.cinedronesmikefortin.com for the intended purpose of harming Plaintiffs. The subject website contains disparaging statements that "Mike Fortin has been convicted of one or more felonies, frauds, batteries, grand thefts, and probation violations" and that "Unconfirmed online reports indicate Cinedrones may have unpaid or incomplete debts to contractors and other providers."

15. Plaintiff Fortin's name, due to his professional stature in the field of aerial cinematography, is, and was famous at the time that Micalizzi registered the domain name www.cinedronesmikefortin.com.  Plaintiff Fortin has common law trademark rights in his name, and it is protected under both federal and state trademark laws.

Complaint

16. Defendants do not currently have, and at no time ever had, any ownership rights or entitlement, or permission to own, develop or register the domain name www.cinedronesmikefortin.com.

17. Plaintiffs, through representatives and agents, requested that Micalizzi transfer of the domain name www.cinedronesmikefortin.com and any rights to the CineDrones trademark to Plaintiffs, and Micalizzi refused to do so.

18. Defendants registered the domain name www.cinedronesmikefortin.com in bad faith with an intent to profit, advertised the domain name www.cinedronesmikefortin.com for sale at a profit, and proposed to sell the domain name www.cinedronesmikefortin.com to Plaintiffs and others for profit.

## FIRST CAUSE OF ACTION

**Violation of the Anticybersquatting Consumer Protection Act – 15 U.S.C. § 1125**

**(By All Plaintiffs Against All Defendants)**

19. Plaintiffs incorporate by reference the preceding allegations of the Complaint as though fully set forth herein.

20. The domain name www.cinedronesmikefortin.com registered by Micalizzi is identical or confusingly similar to Plaintiff Fortin's name and Plaintiffs' CineDrones trademark.

21. Plaintiff Fortin's name and Plaintiffs' CineDrones trademark were famous at the time that Defendant registered the domain name www.cinedronesmikefortin.com.

22. Micalizzi registered, trafficked in and/or used the domain name www.cinedronesmikefortin.com with a bad faith intent to profit from the sale of the domain name www.cinedronesmikefortin.com by registering the domain name and attempting to sell the domain names to Plaintiffs or other persons for profit.

23. As a result of Micalizzi's violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), Plaintiffs are entitled to injunctive relief and to recover damages and Micalizzi's profits, all subject to trebling, costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1116 and 1117 or statutory damages pursuant to

15 U.S.C. § 1117.

24. As a result of Micalizzi's violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d), Plaintiffs are entitled to an order directing Micalizzi to forfeit or cancel or transfer the domain name www.cinedronesmikefortin.com to Plaintiffs pursuant to 15 U.S.C. § 1125.

### SECOND CAUSE OF ACTION
### Cyberpiracy – 15 U.S.C. § 8131(1)(A)
### (By Plaintiff Fortin Against All Defendants)

25. Plaintiffs incorporate by reference the preceding allegations of the Complaint as though fully set forth herein.

26. The www.cinedronesmikefortin.com domain name contains the name of Plaintiff Fortin, a living person.

27. The www.cinedronesmikefortin.com domain name registered by Micalizzi is confusingly similar to Plaintiff Fortin's name.

28. Micalizzi registered the www.cinedronesmikefortin.com domain name without Plaintiff Fortin's consent and with the specific intent to profit from such names by selling the www.cinedronesmikefortin.com domain name for financial gain to Plaintiffs or third parties.

29. As a result of Micalizzi's cyberpiracy in violation of 15 U.S.C. § 8131(1)(A), Plaintiff Fortin is entitled to injunctive relief, costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 8131(2).

30. As a result of Micalizzi's cyberpiracy in violation of 15 U.S.C. § 8131(1)(A), Plaintiff Fortin is entitled to an order directing Micalizzi to forfeit or cancel or transfer the www.cinedronesmikefortin.com domain name to Plaintiff pursuant to 15 U.S.C. § 8131(2).

### THIRD CAUSE OF ACTION
### Cyberpiracy – California Business and Professions Code § 17525(a)
### (By Plaintiff Fortin Against All Defendants)

31. Plaintiffs incorporate by reference the preceding allegations of the Complaint

as though fully set forth herein.

32. The www.cinedronesmikefortin.com domain name contains the name of Plaintiff Fortin, a living person.

33. The www.cinedronesmikefortin.com domain name registered by Micaliizi is confusingly similar to Plaintiff Fortins's name.

34. Micalizzi registered the www.cinedronesmikefortin.com domain name without Plaintiff Fortin's consent and with the bad faith intent to register, traffic in, or use the www.cinedronesmikefortin.com domain name.

35. As a result of Micalizzi's violation of California Business and Professions Code § 17525(a), Plaintiff Fortin is entitled to entitled to injunctive relief and to recover damages, costs and reasonable attorneys' fees and, because of the willful nature of such acts, punitive damages.

36. As a result of Micalizzi's violation of California Business and Professions Code § 17525(a), Plaintiff Fortin is entitled to an order directing Micalizzi to forfeit or cancel or transfer the www.cinedronesmikefortin.com domain name to Plaintiff Fortin pursuant to California Business and Professions Code § 17528.5.

## FOURTH CAUSE OF ACTION
## TRADEMARK INFRINGEMENT
### (By All Plaintiffs Against All Defendants)

37. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

38. Micalizzi, without authorization, has used and is using Plaintiffs' CineDrones trademark in connection with Micalizzi's attempt to fraudulently sell his goods and services.

39. Micalizzi's use of Plaintiffs' CineDrones trademark is in violation and derogation of Plaintiffs' federal trademark rights and is likely to cause confusion, mistake, and deception among consumers and the public as to the source, origin, sponsorship or quality of Micalizzi's goods and services, thereby causing loss, damage, and injury to

Complaint

Plaintiffs and the purchasing public.

40. As a result of Micalizzi's acts, Micalizzi is liable to Plaintiffs under the Lanham Act § 43, 15 U.S.C. § 1114.

41. Micalizzi's wrongful and fraudulent acts have permitted or will permit it to profit from the strength of Plaintiffs; advertising, sales and consumer recognition and Plaintiffs' CineDrones trademark.

42. Micalizzi's conduct has been and is knowing, deliberate, willful, intended to cause mistake or to deceive, and in disregard of Plaintiffs' rights in the CineDrones trademark.

43. As a direct and proximate result of Micalizzi's wrongful conduct, Plaintiffs have been and will be deprived of the value of the CineDrones trademarks as a commercial asset.

44. In addition to other relief, Micalizzi's violation of Lanham Act § 32(1)(a) entitles Plaintiffs to an award of three times the actual damages or profits of Micalizzi, whichever is greater, together with reasonable attorneys' fees, pursuant to Lanham Act § 35(b), 15 U.S.C. § 1117.

45. Micalizzi's acts irreparably harm Plaintiffs' CineDrones trademarks and goodwill, and will continue to do so unless enjoined. Plaintiffs have no adequate remedy at law for Micalizzi's violations of Plaintiffs' rights.

## FIFTH CAUSE OF ACTION
## DILUTION BY TARNISHMENT OF TRADEMARK
### (By All Plaintiffs Against All Defendants)

46. Plaintiffs incorporate by reference the preceding allegations of the Complaint as though fully set forth herein.

47. The CineDrones trademark is famous because it is widely recognized by the general consuming public of the United States as a designation of source of Plaintiffs' aerial cinematography services

48. Micalizzi's use of the CineDrones trademark is likely to tarnish and dilute the

Complaint

trademark due to an association arising from Defendants' objective to disparage Plaintiffs, thus harming the reputation of the Plaintiffs' famous trademark.

49. As a result of Micalizzi's' acts, Micalizzi is liable to Plaintiffs under the Trademark Dilution Revision Act, 15 U.S.C. § 1125.

50. Micalizzi's acts irreparably harm Plaintiffs' CineDrones trademark and goodwill, and will continue to do so unless enjoined. Plaintiffs have no adequate remedy at law for Micalizzi's violations of Plaintiffs' rights.

## SIXTH CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
### (By All Plaintiffs Against All Defendants)

51. Plaintiffs incorporate by reference the preceding allegations of the Complaint as though fully set forth herein.

52. Micalizzi's use of the CineDrones trademark constitutes a false designation of origin, a false or misleading descript of fact or a false or misleading representation of fact which is likely to cause confusion mistake or decent in violation of the Lanham Act, § 43(a), 15 U.S.C. § 1125(a).

53. Micalizzi's acts, as complained of herein, have caused irreparable injury and damage to Plaintiffs, and, unless restrained, will continue to do so.

54. Plaintiffs have no adequate remedy at law.

55. Plaintiffs have suffered and continue to suffer economic loss directly and proximately caused by Micalizzi's acts alleged herein.

## SEVENTH CAUSE OF ACTION
## CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION
### (By All Plaintiffs Against All Defendants)

56. Plaintiffs incorporate by reference the preceding allegations of the Complaint as though fully set forth herein.

57. Micalizzi's infringement of Plaintiffs' CineDrones trademarks is likely to cause consumer confusion and dilution of Plaintiffs' CineDrones trademarks in violation

Complaint

of California Business and Professions Code §§ 14245 and 14247.

58. Micalizzi infringed and diluted Plaintiffs' CineDrones trademarks with knowledge and intent to cause confusion, mistake or deception.

59. Micalizzi's conduct is aggravated by that kind of willfulness, wantonness, malice and conscious indifference to the rights and welfare of Plaintiffs for which California law allows the imposition of exemplary damages.

60. Pursuant to California Business and Professions Code §§ 14247 and 14250, Plaintiffs are entitled to injunctive relief and damages in the amount of three times Micalizzi's profits and three times all damages suffered by Plaintiffs by reason of Micalizzi's infringement of Plaintiffs' CineDrones trademark.

## EIGHTH CAUSE OF ACTION
## CANCELLATION OF TRADEMARK
## (By All Plaintiffs Against All Defendants)

61. Plaintiffs incorporate by reference the preceding allegations of the Complaint as though fully set forth herein.

62. On September 12, 2016, Micalizzi applied for federal registration of Plaintiffs' CineDrones trademark with the United States Patent and Trademark Office. Micalizzi's application, which was assigned Serial Number 87168695 by the United States Patent and Trademark Office, falsely represented that Micalizzi was "entitled to use such mark in commerce; that to the best of its knowledge and belief no other person, firm corporation or association has the right to use said mark in commerce, either in the identical form or in such near resemblance thereto as may be likely, when used on or in connection with the services of such other person, to cause confusion, or to cause mistake, or to deceive ..."

63. These representations were false as Micalizzi was aware of Plaintiffs' prior use of the CineDrones trademark.

64. Pursuant to 15 U.S.C. §§ 1064, 1119, and 1120, and 28 U.S.C. § 2201, Plaintiff requests that the Court issue a declaratory judgment directing the Commissioner

Complaint

of Trademarks to cancel Trademark Serial Number 87168695 based on Micalizzi's fraud and Plaintiffs' prior use of the marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that the Court grant the following relief:

a. Preliminary and permanently enjoin Micalizzi as well as Micalizzi's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants, from use of the CineDrones trademark or any other colorable imitation of the trademark in any advertisement, promotion, offer for sale, or sale of any goods or services;

b. For an order directing Micalizzi to forfeit or cancel or transfer the www.cinedronesmikefortin.com domain name to Plaintiffs;

c. Order an award to Plaintiffs of all actual damages, in the minimum amount of two million dollars, and an accounting of any gains, profits, and advantages derived by Micalizzi resulting from the infringing acts complained of herein;

e. Order the Commissioner of Trademarks to cancel Trademark Serial Number 87168695 based on Micalizzi's fraud and Plaintiffs' prior use of the CineDrones trademark.

f. For statutory damages as permitted by the Anticyberquatting Consumer Protection Act, the Lanham Act, 15 U.S.C. § 8131, California Business and Professions Code §§ 14245, 14247 and 17528.5.

g. Order an award of three times the amount of Plaintiffs' damages;

h. Order disgorgement of Micalizzi's unlawfully-obtained profits;

i. Exemplary and punitive damages;

j. Attorney's fees and other litigation costs;

k. Costs of court;

l. Pre-judgment interest on all damages and/or profits awarded by the Court; and

m. Such other and further relief to which they may be justly entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiffs CineDrones, LLC, Unmanned Entertainment, LLC and Michael Fortin

Complaint

demand a trial by jury on all claims so triable.

Dated:  January 26, 2018

LAW OFFICES OF SETH W. WIENER

By: _____
Seth W. Wiener
Attorneys for Plaintiffs
CINEDRONES, LLC; UNMANNED ENTERTAINMENT, LLC; MICHAEL FORTIN

Complaint